HARROLD, JOHNSON & CO. *vs.* MORGAN, for use.

[This case was argued at the last term, and the decision reserved. HAWKINS, Justice, being disqualified, Judge HILLYER, of the Atlanta circuit, was designated by the governor to preside in his place.

1. All titles to property made as part of a usurious contract, or for the purpose of evading the law against usury, are void, and this is true whether the title be made directly by the debtor to the creditor, or the debtor having the equitable title causes the legal title to be made by the third person holding it direct to the creditor.

2. The defense of usury is a personal privilege which none but the debtor may set up, but when the question is one, not of accounting, but of title to property, and the effect of the usurious taint is to leave such title, whether legal or equitable, in the debtor, the property will be subject to the lien of general judgments against him.

3. Under the facts of this case, the defendant in error was not estopped from levying his *fi. fa.* and subjecting the land.

Title. Usury. Liens. Judgments. Estoppel. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1878.

Reported in the decision.

EUGENE HAWKINS; E. G. SIMMONS; S. HALL, for plaintiffs in error.

GUERRY & SON, for defendant.

HILLYER, Judge.

The case arose in this way: In the year 1869, John L. Adderton bought a lot of land from James P. Guerry, paid him for it, and was entitled to have a deed of conveyance perfected and delivered on request. Mr. Adderton was indebted to Harrold, Johnson & Co., and was paying them usurious interest on his account. To secure this usurious debt, Adderton went to Mr. Guerry and procured from him a deed of conveyance directly to his creditors, Harrold, Johnson & Co., brought it and delivered it to them. This was done merely to save the trouble of making two deeds, one from Guerry to him (Adderton), and another from Adderton to the creditors.

In the year 1877, at the April term of Sumter superior court, one W. H. Morgan obtained a judgment against Adderton, and against the same James P. Guerry who made the deed above mentioned as surety, and execution issued thereon. Guerry paid off the judgment, thus obtaining control of the execution. Afterwards in the same year, in October, 1877, the execution was levied on the lot of land above mentioned, as the property of Adderton, and Harrold, Johnson & Co. claimed it. The claim case was tried in Sumter superior court, and resulted, under the charge of the court, in a verdict for the plaintiff in *fi. fa.* subjecting the property. There was a motion for a new trial on various grounds, which was overruled, and this writ of error is brought seeking to reverse that judgment.

On the trial of the claim case, as appears in the record, the evidence showed the facts substantially as above

stated    The questions made, we think, logically resolve themselves into three:

1. Whether the deed from Guerry to Harrold, Johnson & Co. was void for usury. It is provided in the Code of this state that "all titles to pr)perty made as a part of a usurious contract, or to evade the laws against usury, are void." In this case the consideration by which Guerry was moved to execute the conveyance was entirely free from the usurious taint, but the consideration which induced Adderton to procure Guerry to name Harrold, Johnson & Co. as grantees, and which induced Adderton to deliver the deed to them, and also the consideration which induced Harrold, Johnson & Co. to accept delivery of the deed to them is tainted with usury. In order for a deed to be valid, there must be a grantee—a lawful grantee—and there must be also a good delivery. The usurer is not, and cannot be a lawful grantee, and there can be no good conveyance of title to Harrold, Johnson & Co. unless there is a lawful delivery of the deed. Here there is neither a lawful grantee nor a valid delivery. We think, therefore, the title, or what is sought to be set up for title in Harrold, Johnson & Co., is void, and that they cannot recover upon it in a claim case. The effect of the transaction is a resulting trust for the benefit of defendant in *fi. fa.*, Adderton, the party who had paid for the land—complete equitable title in him; and this is an interest which is subject to levy and sale at the instance of his judgment creditors. It was contended on the argument that as Guerry, who made the deed, was no party to the usurious contract, his deed is necessarily in all respects valid. We think this contrary to both reason and authority. The deed is valid so far as to pass the beneficial interest out of Guerry, but void as to vesting any interest in Harrold, Johnson & Co. See Tyler on Usury, 392, 398; and 35 Barbour, 96.

2. The second point is whether Guerry, being a third person, and not a party to the usurious contract, or in

any way affected by it, could raise the question of usury, it being claimed that this is under the law merely a personal privilege resting in the debtor, and to be exercised by him only. We think an examination of the authorities shows that in those cases where it has been held that no one but the debtor can raise the question or set up the defense of usury, there was always involved a question of accounting between the debtor and creditor, and the decisions invoked by the plaintiff in error on that subject are cases where some other creditor of the party from whom usury had been collected was seeking to get the benefit of the debtor's right to make claim for the usury, his right to collect money, not such as was due and owing to him, but such as he had option to make claim to or not, and as to which he had no right of action, and could not recover unless he had asserted his claim, or made some demand for it. But such is not this case. This is a question of title, not one of accounting. None of the parties have any option about it, and nothing which they can do or say in relation to the transaction can alter its true legal character. The deed was delivered to secure a usurious debt. The imperative mandate of the law makes the deed void. It is void from the beginning, and void without anything else being said or done. It is just as if no such deed had ever been made so far as concerns the vesting of title in the claimants, and does not require any act on the part of the debtor to make it void. A void deed can never be in the way of the levy of legitimate process, and the plaintiff in *fi. fa.* in levying his execution usurps or assumes no personal privilege of anybody, but exercises a clear right which the law gives him of subjecting the property of the defendant to the payment of his debt.

3. And the third question is, whether Guerry, plaintiff in *fi. fa.*, is estopped from denying complete title in Harrold, Johnson & Co., when he was the same person who, before that time, had made them a deed. And here, we

think also, there is no legal difficulty. It is true that a person cannot make a deed with warranty, and afterwards buy up an outstanding title or lien, and assert the same to the prejudice of his own former warranty. But that is not the case here. The judgment was not obtained until long after the date of the deed. It may often happen, and doubtless does often happen, that a person sells land to another, and warrants to him, and afterwards may obtain judgment against that person, or buy up an execution against him, and if, at the time of obtaining such judgment, or during any period of its validity, that title is still in the defendant in *fi. fa.*, it would be subject to the execution ; and when levied on, so far from it making a case of denial by the feoffor of the validity of his conveyance, it is directly the contrary, and is in fact an assertion of its validity—an assertion that by it title did pass out of him. The circumstance that the law intervenes and raises up a resulting trust by which the beneficial interest passed to the defendant in *fi. fa.*, is the act of the law and not of Guerry, and Guerry is not estopped from asserting what the law asserts. If the execution had been older than Guerry's deed, the case might have been different. By this levy the plaintiff in *fi. fa.* in effect says, " I deeded this land in 1869. The title went out of me. So far as I am concerned the conveyance is legal and perfect, and divests me of all interest in the land, and it was a good and complete title, and vests the unencumbered ownership in the party upon whom, under that deed, the law casts it." The law intervenes and says, " The effect of the transaction is to vest the beneficial ownership in Adderton, the defendant in *fi. fa.*," and by this position Guerry does nothing against which the law invokes an estoppel.

The charge of his honor, Judge Crisp, who tried the case, is in perfect harmony with the views here expressed, and we find no error in the record demanding a re-hearing. We therefore affirm the judgment of the court below.

The whole court unite in the judgment of affirmance, but his honor, Justice CRAWFORD, has doubts as to some of the propositions stated. The opinion of the court is more succinctly embodied in the syllabus.

Judgment affirmed.